IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA BRACEWELL, #130672, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:07-CV-214-MEF |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Debra Bracewell ["Bracewell"], a state inmate, on March 8, 2007.[1] In this petition, Bracewell argues that she is "[b]eing held [by the Alabama Department of Corrections] under the wrong sentence" of life without parole when her "sentence is life with parole." *Petition for Writ of Habeas Corpus* at 5.

In light of the records of this court, decisions issued by the state courts in various cases filed by Bracewell and applicable federal law, the court concludes that Bracewell is not entitled to federal habeas relief.

---

[1] A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-1341 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Bracewell certified she signed the petition on March 8, 2007. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Bracewell] signed it ..." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this proceeding, the court considers March 8, 2007 as the date of filing for Bracewell's petition.

## DISCUSSION

### A. The Sentence of Incarceration

The records of this court maintained in several civil actions filed by Bracewell under both 28 U.S.C. § 2254 and 42 U.S.C. § 1983 clearly establish that in 1981 the Circuit Court of Covington County, Alabama, upon reversal and remand of Bracewell's initial conviction for capital murder and death sentence, convicted Bracewell of capital murder and imposed a sentence of life without parole for this conviction. *See Bracewell v. Deese, et al.*, Case No. 2:04-CV-564-MHT (M.D. Ala. 2004); *Bracewell v. Deese, et al.*, Case No. 2:03-CV-258-MEF (M.D. Ala. 2003); *Bracewell v. Davis, et al.*, Case No. 2:00-CV-943-ID (M.D. Ala. 2000); *Bracewell v. Dees, et al.*, Case No. 2: 98-CV-158-WHA (M.D. Ala. 1998); *Bracewell v. Lobmiller, et al.*, Case No. 2:90-CV-560-TMH (M.D. Ala. 1991); and *Bracewell v. Holt, et al.*, Case No. 2:85-CV-1213-REV (M.D. Ala. 1987). Moreover, the opinion issued by the Alabama Court of Criminal Appeals on Bracewell's direct appeal from her 1981 capital murder conviction demonstrates that the trial court entered a sentence of life without parole for this conviction. *Bracewell v. State*, 447 So.2d 815 (Ala.Cr.App.), *aff'd*, *Ex parte Bracewell*, 447 So.2d 827 (Ala.), *cert. denied*, *Bracewell v. Alabama*, 469 U.S. 980, 105 S.Ct. 382 (1984). The pertinent portion of the appellate court's opinion reads as follows:

> The instant appeal is from Debra Bracewell's second trial for the capital murder of Rex Carnley by shooting him with a pistol during the

>commission of a robbery. Her original conviction and sentence of death were eventually overturned on the authority of *Beck v. State*, 396 So.2d 645 (Ala. 1980). *See*, *Bracewell v. State,* 401 So.2d 119 (Ala.Cr.App.), rev'd, 401 So.2d 123 (Ala. 1979), on remand, 401 So.2d 124 (Ala.Cr.App.), cert. denied, 401 So.2d 130 (Ala.), vacated, 449 U.S. 915, 101 S.Ct. 312, 66 L.Ed.2d 143 (1980), after remandment, 401 So.2d 130 (Ala.Cr.App.), cert. denied, 401 So.2d 130 (Ala. 1981).
>     As a result of her second trial for this offense, the appellant, Debra Bracewell, was found guilty as charged and, after proper sentencing procedures were followed, she was sentenced to life imprisonment without parole.

*Bracewell v. State*, 447 So.2d at 817-818.

The court further notes that in an order and memorandum opinion addressing issues raised by Bracewell in a 2005 Rule 32 petition, both the trial court and Alabama Court of Criminal Appeals acknowledged that Bracewell's current incarceration is based on her December 1981 conviction for capital murder and the resulting sentence of life without parole. *See Plaintiff's Attachment to the Petition for Writ of Habeas Corpus - Court Doc. No. 1-2 at 3, 5 -- Memorandum Opinion on Direct Appeal from Denial of Bracewell's November 2, 2005 Rule 32 Petition* at 1, 3. As noted by the appellate court in its memorandum opinion:

>The trial court's order of dismissal stated:
>>"It is a matter of record that Ms. Bracewell was in fact charged and tried in her underlying criminal case for capital murder.... [The] indictment clearly charges a capital offense. Further, a copy of the actual jury verdict from the guilt phase reads as follows: "We, the jury, find the Defendant guilty of the capital offense charged in the indictment." In view of the foregoing facts, and the appellate decisions from the time

3

> recognizing defendant's conviction to be a capital one ..., there is no question that defendant was actually convicted of capital murder.
>
> "That being the situation, the sentence meted out, life without parole, was a proper one. Therefore, the [petitioner's] contentions [to the contrary] are due to be dismissed."

*Court Doc. No. 1-2* at 5 -- *Memorandum Opinion* at 3.

In light of the foregoing, Bracewell's claim that the Alabama Department of Corrections is holding her on the wrong sentence, i.e., a sentence of life without parole, is without merit and, therefore, provides no basis for federal habeas relief.

### B. Challenge to the Constitutionality of the Sentence Imposed

To the extent the instant petition can be construed to contain a claim challenging the constitutionality of the life without parole sentence imposed upon Bracewell by the Circuit Court of Covington County in 1981, this court lacks jurisdiction to consider such claim.

A review of this court's records reveals that Bracewell has filed five previous habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging her 1981 murder conviction. *See Bracewell v. Holt, et al.*, Case No. 2:85-CV-1213-REV (M.D. Ala. 1987); *Bracewell v. Lobmiller, et al.*, Case No. 2:90-CV-560-TMH (M.D. Ala. 1991); *Bracewell v. Dees, et al.*, Case No. 2:98-CV-158-WHA (M.D. Ala. 1998); *Bracewell v. Davis, et al.*, Case No. 2:00-CV-943-ID (M.D. Ala. 2000); and *Bracewell v. Deese, et al.*, Case No. 2:03-CV-258-MEF (M.D. Ala. 2003). In Bracewell's initial habeas action, this court dismissed the petition without prejudice to allow the petitioner to exhaust her available state court

remedies. In the 1990 habeas action, this court denied the petition because Bracewell was procedurally defaulted on each of her claims for relief. The court dismissed Bracewell's third habeas petition as it was barred by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). With respect to Bracewell's last two applications for federal habeas corpus relief, the court summarily dismissed these petitions in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Bracewell had not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider either successive habeas application.

As indicated above, 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application [for habeas corpus relief] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the pleadings filed by Bracewell that she has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking is the

petitioner's [sixth] habeas corpus petition and because she had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, any challenge to the sentence imposed upon Bracewell is due to be summarily dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. With respect to Bracewell's claim that she is incarcerated on the wrong sentence, this claim be DISMISSED with prejudice as it is meritless.

2. To the extent Bracewell challenges the trial court's imposition of a sentence for life without parole, this claim be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as the petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[2]

3. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Debra Bracewell be DENIED.

---

[2] The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Bracewell] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay ... because the limitations period had already expired before [she] filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

It is further

ORDERED that on or before April 2, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of March, 2007.

7

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE